UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust** <br><br> **Plaintiff** <br><br><br> vs. <br><br><br><br> **Christopher J. Ricci** <br><br> **Defendant** | **CIVIL ACTION NO:** <br><br><br><br><br><br> **COMPLAINT** <br><br><br> **RE:** <br> **196 Randolph Drive, Bangor, ME 04401** <br><br> Mortgage: <br> November 2, 2004 <br> Book 9646, Page 93 |

NOW COMES the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Christopher J. Ricci, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, in which the Defendant, Christopher J. Ricci, is the obligor and the total amount owed under the terms of the Note is Two Hundred Thirty-Seven Thousand Two Hundred Seventy-Eight and 64/100 ($237,278.64) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust is a national association with a principal place of business in Ohio.

5. The Defendant, Christopher J. Ricci, is a resident of Edgewater, County of Volusia and State of Florida.

## FACTS

6. On March 8, 2000, by virtue of a Municipal Quitclaim Deed from The City of Bangor, which is recorded in the Penobscot County Registry of Deeds in **Book 7309, Page 252**, the property situated at 196 Randolph Drive, County of Penobscot, and State of Maine, was conveyed to the Defendant, Christopher J. Ricci, and Marylou L. Ricci a/k/a Mary Lou Ricci, as joint tenants, not as tenants in common, being more particularly described by the

attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

7. On November 2, 2004, the Defendant, Christopher J. Ricci, and Marylou L. Ricci a/k/a Mary Lou Ricci, executed and delivered to Fleet National Bank a certain Note in the amount of $107,988.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

8. To secure said Note, on November 2, 2004, the Defendant and Marylou L. Ricci a/k/a Mary Lou Ricci executed a Mortgage Deed in favor of Fleet National Bank, securing the property located at 196 Randolph Drive, Bangor, ME 04401 which Mortgage Deed is recorded in the Penobscot County Registry of Deeds in **Book 9646**, **Page 93**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

9. On August 29, 2008, Marylou L. Ricci a/k/a Mary Lou Ricci passed away.

10. The Mortgage was then assigned to BAC Home Loans Servicing, LP, f/k/a Countrywide Home Loans, Inc. by virtue of an Assignment of Mortgage dated March 8, 2010 and recorded in the Penobscot County Registry of Deeds in **Book 12114**, **Page 295**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

11. The Mortgage was then assigned to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust by virtue of an Assignment of Mortgage dated December 11, 2015 and recorded in the Penobscot County Registry of Deeds in **Book 14073**, **Page 327**. *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

12. On August 7, 2018, the Defendant, Christopher J. Ricci, and The Estate of Marylou L. Ricci a/k/a Mary Lou Ricci, were sent a Notice of Mortgagor's Right to Cure, as evidenced by the

Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit F (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

13. The Demand Letter informed the Defendant, Christopher J. Ricci, and The Estate of Marylou L. Ricci a/k/a Mary Lou Ricci, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit F.

14. The Defendant, Christopher J. Ricci, failed to cure the default prior to the expiration of the Demand Letter.

15. The Plaintiff cannot locate the original Note, however, the Plaintiff is the owner of the Note referenced herein pursuant to delivery by the previous holder and is the entity entitled to enforce the terms and conditions of the aforesaid Note in conformity with Title 11 M.R.S. § 3-1201, et seq., 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

16. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the lawful holder and owner of the Note and Mortgage.

17. The total debt owed under the Note and Mortgage as of October 26, 2018 is Two Hundred Thirty-Seven Thousand Two Hundred Seventy-Eight and 64/100 ($237,278.64) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $101,529.31 |
| Interest | $73,253.65 |
| Escrow/Impound Required | $30,713.52 |
| Late Fees | $4,109.60 |
| Total Advances | $27,672.56 |
| Grand Total | $237,278.64 |

18. Upon information and belief, the Defendant, Christopher J. Ricci, is presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE

19. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 18 as if fully set forth herein.

20. This is an action for foreclosure respecting a real estate related Mortgage and title located at 196 Randolph Drive, Bangor, County of Penobscot, and State of Maine. *See* Exhibit A.

21. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the owner of the Note referenced in Paragraph 7 pursuant to delivery by the previous holder and is the entity entitled to enforce the terms and conditions of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, has the right to foreclosure upon the subject property.

22. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the current owner and investor of the aforesaid Mortgage and Note.

23. The Defendant, Christopher J. Ricci, is presently in default on said Mortgage and Note, having failed to make the monthly payment due April 8, 2009, and all subsequent payments, and, therefore, have breached the condition of the aforesaid Mortgage and Note.

24. The total debt owed under the Note and Mortgage as of October 26, 2018 is Two Hundred Thirty-Seven Thousand Two Hundred Seventy-Eight and 64/100 ($237,278.64) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $101,529.31 |
| Interest | $73,253.65 |
| Escrow/Impound Required | $30,713.52 |
| Late Fees | $4,109.60 |
| Total Advances | $27,672.56 |
| Grand Total | $237,278.64 |

25. The record established through the Penobscot County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

26. By virtue of the Defendants breach of condition, the Plaintiff hereby demands a foreclosure on said real estate.

27. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendant, Christopher J. Ricci, and The Estate of Marylou L. Ricci a/k/a Mary Lou Ricci, on August 7, 2018, evidenced by the Certificate of Mailing.. *See* Exhibit F.

28. The Defendant, Christopher J. Ricci, is not in the Military as evidenced by the attached Exhibit G.

## COUNT II – BREACH OF NOTE

29. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 18 as if fully set forth herein.

30. On November 2, 2004, the Defendant, Christopher J. Ricci, and Marylou L. Ricci a/k/a Mary Lou Ricci, executed and delivered to Fleet National Bank a certain Note in the amount of $107,988.00. *See* Exhibit B.

31. The Defendant, Christopher J. Ricci, is in default for failure to properly tender the April 8, 2009 payment and all subsequent payments. *See* Exhibit F.

32. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper owner of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Christopher J. Ricci.

33. The Defendant, Christopher J. Ricci, having failed to comply with the terms of the Note and Mortgage, is in breach of both the Note and the Mortgage.

34. The Defendant, Christopher J. Ricci's breach is knowing, willful, and continuing.

35. The Defendant Christopher J. Ricci's breach has caused Plaintiff U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

36. The total debt owed under the Note and Mortgage as of October 26, 2018, if no payments are made, is Two Hundred Thirty-Seven Thousand Two Hundred Seventy-Eight and 64/100 ($237,278.64) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $101,529.31 |
| Interest | $73,253.65 |
| Escrow/Impound Required | $30,713.52 |
| Late Fees | $4,109.60 |
| Total Advances | $27,672.56 |
| Grand Total | $237,278.64 |

37. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

38. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 18 as if fully set forth herein.

39. By executing, under seal, and delivering the Note, the Defendant, Christopher J. Ricci, entered into a written contract with Fleet National Bank who agreed to loan the amount of $107,988.00 to the Defendant.  *See* Exhibit B.

40. As part of this contract and transaction, the Defendant, Christopher J. Ricci, executed the Mortgage to secure the Note and the subject property.  *See* Exhibit C.

41. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper owner of the Note and successor-in-interest to Fleet National Bank, and has performed its obligations under the Note and Mortgage.

42. The Defendant, Christopher J. Ricci, breached the terms of the Note and Mortgage by failing to properly tender the April 8, 2009 payment and all subsequent payments.  *See* Exhibit F.

43. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Christopher J. Ricci.

44. The Defendant, Christopher J. Ricci, having failed to comply with the terms of the Note and Mortgage, is in breach of contract.

45. The Defendant, Christopher J. Ricci, is indebted to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust in the sum of Two Hundred Thirty-Seven Thousand Two Hundred Seventy-Eight and 64/100 ($237,278.64) Dollars, for money lent by the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, to the Defendant.

46. Defendant, Christopher J. Ricci's breach is knowing, willful, and continuing.

47. Defendant Christopher J. Ricci's breach has caused Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

48. The total debt owed under the Note and Mortgage as of October 26, 2018, if no payments are made, is Two Hundred Thirty-Seven Thousand Two Hundred Seventy-Eight and 64/100 ($237,278.64) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $101,529.31 |
| Interest | $73,253.65 |
| Escrow/Impound Required | $30,713.52 |
| Late Fees | $4,109.60 |
| Total Advances | $27,672.56 |
| Grand Total | $237,278.64 |

49. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT IV – QUANTUM MERUIT

50. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 18 as if fully set forth herein.

51. Fleet National Bank, predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, loaned Defendant, Christopher J. Ricci, $107,988.00. *See* Exhibit B.

52. The Defendant, Christopher J. Ricci, is in default for failure to properly tender the April 8, 2009 payment and all subsequent payments. *See* Exhibit F.

53. As a result of the Defendants failure to perform under the terms of their obligation, the Defendant, Christopher J. Ricci, should be required to compensate the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust.

54. As such, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to relief under the doctrine of *quantum meruit.*

## COUNT V –UNJUST ENRICHMENT

55. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 18 as if fully set forth herein.

56. Fleet National Bank, predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, loaned the Defendant, Christopher J. Ricci, $107,988.00. *See* Exhibit B.

57. The Defendant, Christopher J. Ricci, has failed to repay the loan obligation.

58. As a result, the Defendant, Christopher J. Ricci, has been unjustly enriched to the detriment of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust as successor-in-interest to Fleet National Bank by having received the aforesaid benefits and money and not repaying said benefits and money.

59. As such, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to relief.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, prays this Honorable Court:

a) Issue a judgment of foreclosure in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, upon the expiration of the period of redemption;

c) Find that the Defendant, Christopher J. Ricci, is in breach of the Note by failing to make payment due as of April 8, 2009, and all subsequent payments;

d) Find that the Defendant, Christopher J. Ricci, is in breach of the Mortgage by failing to make payment due as of April 8, 2009, and all subsequent payments;

e) Find that the Defendant, Christopher J. Ricci, entered into a contract for a sum certain in exchange for a security interest in the subject property;

f) Find that the Defendant, Christopher J. Ricci, is in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due April 8, 2009 and all subsequent payments;

g) Find that the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to enforce the terms and conditions of the Note and Mortgage;

h) Find that by virtue of the money retained by the Defendant, Christopher J. Ricci, has been unjustly enriched at the Plaintiff's expense;

i) Find that such unjust enrichment entitles the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, to restitution;

j) Find that the Defendant, Christopher J. Ricci, is liable to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, for money had and received;

k) Find that the Defendant, Christopher J. Ricci, is liable to the Plaintiff for quantum meruit;

l) Find that the Defendant, Christopher J. Ricci, has appreciated and retained the benefit of the Mortgage and the subject property;

m) Find that it would be inequitable for the Defendant, Christopher J. Ricci, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

n) Find that the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to restitution for this benefit from the Defendant, Christopher J. Ricci;

o) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p) Additionally, issue a money judgment against the Defendant, Christopher J. Ricci, and in favor of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, in the amount of Two Hundred Thirty-Seven Thousand Two Hundred Seventy-Eight and 64/100 ($237,278.64 Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs;

q) For such other and further relief as this Honorable Court deems just and equitable.

                Respectfully Submitted,
                U.S. Bank Trust, N.A., as Trustee for LSF9
                Master Participation Trust,
                By its attorneys,

Dated: November 16, 2018

                /s/ John A. Doonan, Esq.
                John A. Doonan, Esq., Bar No. 3250
                Reneau J. Longoria, Esq., Bar No. 5746
                Attorneys for Plaintiff
                Doonan, Graves & Longoria, LLC
                100 Cummings Center, Suite 225D
                Beverly, MA 01915
                (978) 921-2670